**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Antonio D. Harper, | Case No.: 2:25-cv-01425-GMN-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| Aviles, *et al*., | |
| Defendants. | |

On January 8, 2026, the Court ordered Plaintiff to either pay the $405 filing fee for a civil action or file a complete application to proceed *in forma pauperis* by January 29, 2026. ECF No. 8. Plaintiff filed a Motion seeking a 90 day extension arguing he was deemed incompetent for a while and since being made competent and returned to the jail, staff have "retaliated" by not submitting his documents and losing his mail. ECF No. 9. The Court finds good cause to extend the deadline for Plaintiff to either pay the $405 filing fee or file a complete *in forma pauperis* application by 30 days. Alternatively, if Plaintiff is unable to obtain his required financial documents from jail officials, then the Court will give him an opportunity to file the first three pages of the application together with a declaration demonstrating that he has done all that is possible to obtain his required financial documents from jail officials.

Under 28 U.S.C. § 1915(a)(2) and Nevada Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the action without prepaying the full $405 filing fee. To apply for *in forma pauperis* status Plaintiff must submit <u>all three</u> of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3), (2) a **<u>Financial Certificate</u>** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and (3) a copy of the **<u>inmate's prison or jail trust fund account statement for the previous six-month period</u>**.

If Plaintiff is having difficulty obtaining the required financial certificate and inmate account statement for the previous six-month period from jail officials, then Plaintiff must file the

1

first three pages of the application to proceed *in forma pauperis* on this Court's approved form together with a declaration[1] detailing when he requested the financial documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses. Plaintiff's declaration must include dates of his requests, dates of his follow-up requests, names of the officials that he spoke to about the matter, and their responses. If Plaintiff's declaration demonstrates that he has done all that was possible to acquire his financial documents from jail officials, then the Court will consider his *in forma pauperis* application to be complete and will screen his complaint in the ordinary course.[2]

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time (ECF No. 9) is granted in part as to extending the deadline for him to address the matter of the filing fee by 30 days, and this Motion is denied in all other respects.

IT IS FURTHER ORDERED that on or before **March 4, 2026**, Plaintiff must either pay the $405 filing fee for a civil action or file with the Court: (1) a complete **Application to Proceed in Forma Pauperis for Inmate** on the Court's approved form; (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

Alternatively, if Plaintiff is not able to obtain his financial certificate and inmate trust fund account statement from jail officials, IT IS FURTHER ORDERED that on or before **March 4, 2026**, Plaintiff must file the first three pages of the application to proceed *in forma pauperis* on the Court's approved form together with a declaration detailing the efforts that he took to acquire his financial documents from jail officials.

IT IS FURTHER ORDERED that failure to comply with this order on or before **March 4, 2026**, will result in a recommendation to dismiss this action **without prejudice**. A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when

---

[1] A declaration is sufficient if is a writing signed and dated by Plaintiff and includes language stating under penalty of perjury under the laws of the United States of America that the statements made in the declaration are true and correct. *See* 28 U.S.C. § 1746.

[2] Plaintiff must still submit the first three pages of the application to proceed *in forma pauperis* on this Court's approved form with his declaration. If Plaintiff does not submit the first three pages of the application to proceed *in forma pauperis* with the declaration, then the Court will recommend dismissal of this case without prejudice.

he is able to comply with LSR 2-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court must resend Plaintiff the approved form application to proceed *in forma pauperis* for inmate along with the information and instructions for filing the same.

Dated this 30th day of January, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3