**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTONIO D. HARPER, | Case No. 2:25-cv-01425-GMN-EJY |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| AVILES, et al., | |
| Defendants. | |

Plaintiff Antonio Harper, who is in the custody at Clark County Detention Center ("CCDC"), has submitted a pro se civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 11). Based on the financial information provided, the Court finds that Harper cannot prepay the full filing fee for this civil action, so it grants his *in forma pauperis* application. The Court now screens Harper's civil-rights complaint under 28 U.S.C. § 1915A.

**I.      SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (cleaned up). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A reviewing court should "begin by identifying [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

### A.  Harper's Factual Allegations

The events of the Complaint happened while Harper was incarcerated at CCDC. (ECF No. 1-1 at 1). From March 11 to 20, 2025, Harper had chest pains. (*Id.* at 3). On March 20 officer Aviles told medical not to stop at Harper's door when he was having chest pains. (*Id.* at 4). The nurse followed Aviles's instruction, so Harper told the nurse that he would report her for medical indifference. (*Id.* at 5). The nurse told Harper, "go fuck yourself" and threw up her hands like she was flipping him the bird. (*Id.*)

The "Delta Sert Team" brutally beat and sprayed Harper. (*Id.* at 6). Sergeant Kesley directed the team to send Harper on a ride to the hospital. (*Id.*) Before the team arrived, Sergeant Lucero told Harper, "don't be a bitch when Delta Sert Team arrives. Stand on business, Harper. Don't bitch up Harper!" (*Id.* at 7).

Aviles "targeted" and "retaliated" against Harper by charging him with battery by a prisoner. (*Id.* at 4). Aviles denied Harper basic necessities like toilet paper, toothbrush, toothpaste, shower access, and a shaving kit. (*Id.*) Aviles denied Harper access to the kiosk to file grievances and order items from the commissary. (*Id.*) Aviles also denied Harper pencils, paper, and legal forms. (*Id.*) Harper was "iced" for 90 days. (*Id.*) Aviles took Harper's medical kites against the jail's procedures. (*Id.*)

### B. Harper's Claims

Based on these allegations, Harper sues Aviles, Lucero, Kesley, Delta Sert Team, and John Doe Nurse. (*Id.* at 1–2). He brings three claims and seeks monetary relief. (*Id.* at 4–8). The Court liberally construes the Complaint as raising claims about excessive force, unconstitutional jail conditions, and medical-indifference. Harper does not expressly allege whether he was a pretrial detainee or a convicted prisoner during the events of the Complaint. This distinction matters because a pretrial detainee may raise excessive-force, medical-indifference, and conditions-of-confinement claims under the Fourteenth Amendment's Due Process Clause, and the standard is an objective one, while the Eighth Amendment's bar against cruel and unusual punishment applies to the same claims raised by convicted prisoners, and the standard is subjective. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397–402 (2015); *accord Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). The Court assumes for screening purposes that Harper was a pretrial detainee during at least some of the relevant timeframes, and thus liberally construes the Complaint as raising claims under the Fourteenth Amendment.[1]

---

[1] The Court takes judicial notice of the docket in Harper's state criminal case reflecting that he pled guilty to robbery and battery by a prisoner in February 2026 and was sentenced two months later. *State of Nevada v. Antonio Harper*, C-25-390081-1 (Clark Cnty., Nev.). If Harper was a convicted prisoner housed at CCDC during any part of the relevant time, then he should clarify in an amended complaint the date of his conviction and plead facts showing whether the alleged constitutional deprivation continued after that date.

4

**C. Analysis of Harper's Claims**

It is difficult to understand the full nature of the Complaint because it contains mostly vague and generalized allegations.  Harper's handwriting is difficult to decipher, he frequently uses incomplete sentences, and his allegations are largely untethered in time.  The Court does not decide if the allegations state a colorable claim under any theory because, even if they do, the few well-pled facts do not show that all Harper's claims may be properly joined in a single lawsuit because they appear to arise out of different sets of facts and are brought against different defendants.

For instance, Harper alleges under Claim 1 that he suffered chest pain from March 11 to 20, 2025.  But there are no allegations about the severity of the pain or showing that Harper shared this information with anyone, let alone when he did so, what he said, and the response he received, if any.  Under Claim 1, Harper also alleges that Aviles placed him in restrictive conditions and denied him basic necessities.  But there are no allegations about when, how, and why this happened.  Under Claim 1, Harper additionally alleges that a nurse did not give him medical care when he was having chest pains on March 20 at Aviles's direction.  But Harper does not allege many facts about this event like the severity of the pain he experienced and what he told the nurse or Aviles.  And there are no allegations to show that the identity of the nurse could be obtained with discovery.[2]

Under Claim 2, Harper alleges that "Delta Sert Team" beat and sprayed him, but he does not allege when that happened, facts about that event, and whether it is related to the conditions or medical-indifference events of Claim 1.  He also does not plead facts about how he was beaten

---

[2] Although the use of Doe to identify a defendant is not favored, flexibility is allowed in those cases where the identity of a party is not known before filing a complaint but is capable of being determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But this is not one of those cases because Harper does not plead any factual details about the nurse who denied him medical care on March 20, 2025 (e.g., their employer, rank, job title, age, gender, physical description; and he does not identify any acts or omissions of constitutional magnitude and state facts showing when that happened).

and whether he suffered any injury.  Under Claim 3, Harper alleges that Lucero didn't stop Delta Sert Team from beating him but does not allege when that happened or whether it is related to the conditions or medical-indifference events of Claim 1.

Because it is deficiently pled, the Court dismisses the entire Complaint with leave to amend.  It provides the following information to help Harper file a properly formatted and supported amended complaint.  And it provides legal standards for his possible claims.

**1.  Harper's amended complaint must comply with FRCP 8, 10, 18, and 20.**

The function of a complaint is not to list every single fact relating to the plaintiff's claims. But the plaintiff must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Federal Rule of Civil Procedure ("FRCP") 8.  A plaintiff's complaint must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  The plaintiff must state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  "[E]ach claim founded on a separate transaction or occurrence … must be stated in a separate count." *Id.*

Harper is advised that a basic lawsuit is a single claim against a single defendant.  FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  But unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected if filed by a prisoner").  This rule is not only intended to avoid confusion that

arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent them from circumventing the three-strikes rule under the PLRA. 28 U.S.C. § 1915(g).

Generally, a plaintiff may state a single claim against a single defendant. A plaintiff may then add any additional claims to his action that are against the same defendant under FRCP 18. A plaintiff may add additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). If Harper chooses to file an amended complaint, it must comply with FRCP 8, 10, 18, and 20.

### 2. Legal standards for Harper's possible claims

#### a. Fourteenth Amendment excessive force

A pretrial detainee states a claim for excessive force under the Fourteenth Amendment if he pleads facts showing that the force purposely or knowingly used against him was objectively unreasonable. *Kingsley v. Hendrickson,* 576 U.S. 389, 396–97 (2015). Courts review these claims "from the perspective of a reasonable officer on the scene, and take into account the particular facts and circumstances of each case." *Bell v. Williams,* 108 F.4th 809, 819 (9th Cir. 2024) (citation modified) (quoting *Kingsley*, 576 U.S. at 397). Factors that courts consider when examining these claims include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (quoting *Kingsley*, 576 U.S. at 397).

#### b. Fourteenth Amendment medical indifference

Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The Court evaluates these claims under an objective deliberate-indifference standard. *Id.*

7

at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

### c. Fourteenth Amendment conditions of confinement

A pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause. *Gordon*, 888 F.3d at 1124 & n.2. The Court evaluates Fourteenth Amendment conditions-of-confinement claims under the objective deliberate indifference standard. *Id.* To state an unconstitutional-conditions-of-confinement claim, a plaintiff must plead facts showing:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). When evaluating the objective reasonableness of the defendant's conduct, a pretrial detainee may show that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley*, 576 U.S. at 397–98.

**D. Leave to Amend**

The Court grants Harper leave to amend to attempt to replead one or more of his Fourteenth Amendment excessive-force, medical-indifference, and conditions-of-confinement claims. This means Harper has leave to file a first amended complaint to state true facts supporting the claim's elements identified above. Each claim raised in the amended complaint must be properly joined in a single lawsuit under Rules 18 and 20. Harper does not have leave to add new claims.

The purpose of a complaint is to tell the story of the case by narrating the facts of what did or did not happen to the plaintiff and then outlining the legal claims that the plaintiff has against each defendant based on those facts. If Harper chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner and Co, Inc.*, 896 F.2d 1542, 1546 (1989). This means Harper's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit consistent with this order. Harper must file the amended complaint on this court's approved prisoner civil-rights form, and it must be titled "First Amended Complaint." Harper must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege enough facts to show, not simply tell, what each defendant did to violate his federal rights. Any attempt to join unrelated claims will result in them being dismissed as improperly joined.

**III.   CONCLUSION**

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* (ECF No. 11) is **GRANTED**. Harper will not be required to pay an initial installment of the filing fee. Harper is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or giving security for them. But even if this action is later dismissed, the full filing fee remains due under 28 U.S.C. § 1915.

It is further ordered that under 28 U.S.C. § 1915, the Clark County Detention Center will forward payments from the account of **Antonio D. Harper, #1724734** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

It is further ordered that the Complaint (ECF No. 1-1) is **DISMISSED without prejudice and with leave to amend** by **MAY 26, 2026**.  Harper is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order.  If Harper chooses to file an amended complaint, he is advised that his amended pleading will be screened in a separate order and the screening process might take many months.

It is further ordered that Defendants Aviles, Lucero, Delta Sert Team, and Kesley are **DISMISSED without prejudice** from this action.

The Court kindly directs the Clerk of Court to **FILE** the Complaint (ECF No. 1-1) and **SEND** Plaintiff Antonio Harper the approved prisoner civil-rights complaint form with instructions, a courtesy copy of his original Complaint (ECF No. 1-1), and a copy of General Order No. 2021-05.

**DATED** this __23_ day of ___April_____, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

10